UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN SANDERS,                   )

                       )

               Plaintiff,    )      **COMPLAINT**

                    )

    -against-           )      **JURY TRIAL DEMANDED**

                    )

THE CITY OF NEW YORK; NYPD OFFICER  )
ANTHONY FRAILE, Shield No. 23001; NYPD  )
SERGEANT JOHN RANDAZZO, Shield No.  )
3902; JOHN DOE SUPERVISOR; JOHN DOE  )
SUBORDINATE OFFICER; JOHN DOE  )
ASSISTANT; JOHN DOES; and RICHARD  )
ROES,  )

                    )

             Defendants.   )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff JUAN SANDERS seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on March 30, 2015, within 90 days of the incident at issue herein.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York,

2

Queens County.  Plaintiff is Latino.   Plaintiff was born in Mexico.

8.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a
municipal entity created and authorized under the laws of the State of New York.  It is authorized
by law to maintain a police department, which acts as its agent in the area of law enforcement and
for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks
incidental to the maintenance of a police force and the employment of police officers as said risk
attaches to the public consumers of the services provided by the New York City Police
Department.

9.    Defendants NYPD OFFICER ANTHONY FRAILE, NYPD SERGEANT JOHN
RANDAZZO, JOHN DOE SUPERVISOR, JOHN DOE SUBORDINATE OFFICER, JOHN
DOE ASSISTANT and JOHN DOES are and were at all times relevant herein duly appointed and
acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New
York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW
YORK.  Defendants are and were at all times relevant herein acting under color of state law in the
course and scope of their duties and functions as officers, agents, servants, and employees of
defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power
and authority vested in them by THE CITY OF NEW YORK and the New York City Police
Department, and were otherwise performing and engaging in conduct incidental to the
performance of their lawful functions in the course of their duties.  Defendants NYPD OFFICER
ANTHONY FRAILE, NYPD SERGEANT JOHN RANDAZZO, JOHN DOE SUPERVISOR,
JOHN DOE SUBORDINATE OFFICER, JOHN DOE ASSISTANT and JOHN DOES are sued
individually.

10.    Defendants NYPD SERGEANT JOHN RANDAZZO, JOHN DOE SUPERVISOR, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD SERGEANT JOHN RANDAZZO, JOHN DOE SUPERVISOR, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.    On the evening of February 13, 2015, Plaintiff went to the NYPD 115th Precinct.

12.    He went there to pick up his daughter.

13.    Pursuant to court order, it had been the longstanding practice, for many years, of Plaintiff and his daughter's mother to exchange their respective physical custody of their daughter at the police precinct.

14.    At approximately 6:30 p.m. Plaintiff entered the precinct to wait for his daughter and his daughter's mother to arrive, and sat down.

15.    After a period of time, JOHN DOE SUBORDINATE OFFICER, on information

4

and belief Defendant FRAILE, asked Plaintiff what Plaintiff wanted at the Precinct.

16.     Plaintiff informed JOHN DOE SUBORDINATE OFFICER that he was waiting for his daughter.

17.     Plaintiff speaks English, but with some difficulty and with an accent.

18.     JOHN DOE SUPERVISOR, on information and belief Defendant RANDAZZO, without any cause or justification told JOHN DOE SUBORDINATE OFFICER to remove Plaintiff from the precinct.

19.     Plaintiff got up from his chair, and JOHN DOE SUBORDINATE OFFICER, without cause or justification, pushed Plaintiff toward the door.

20.     As they approached the door leading out of the precinct, JOHN DOE SUBORDINATE OFFICER pushed Plaintiff even harder, causing Plaintiff to hit the door, which caused the door to hit the wall.

21.     JOHN DOE SUPERVISOR then asked JOHN DOE SUBORDINATE OFFICER if Plaintiff had kicked the door (in all likelihood knowing full well that Plaintiff had not kicked the door).

22.     JOHN DOE SUBORDINATE OFFICER lied and said that Plaintiff had kicked the door.

23.     JOHN DOE SUPERVISOR said something to the effect of "knock him down" or "arrest him" to indicate to JOHN DOE SUBORDINATE OFFICER that he should place Plaintiff under arrest.

24.     Approximately three to five JOHN DOES officers approached Plaintiff and Plaintiff was pushed out of the Precinct.

25.     The JOHN DOES surrounded Plaintiff outside of the Precinct.

26.     More JOHN DOES came out of the Precinct, including JOHN DOE SUPERVISOR and what looked to be an Officer acting as an assistant to him, JOHN DOE ASSISTANT.

27.     JOHN DOE SUPERVISOR, without cause or justification, grabbed Plaintiff by the neck.

28.     JOHN DOE ASSISTANT, without cause or justification, grabbed Plaintiff by the face.

29.     JOHN DOE SUPERVISOR told his JOHN DOES subordinates to arrest Plaintiff, and Plaintiff was, without any explanation as to the reason, placed in handcuffs and brought back into the Precinct.

30.     Plaintiff was placed in front of the Precinct's tall desk, which had a bar of some sort, perhaps made of concrete, in front of it.

31.     JOHN DOE SUPERVISOR then pushed the back of Plaintiff's head, causing Plaintiff's face to hit the bar (which caused Plaintiff's mouth to bleed).

32.     Plaintiff was then placed into a holding cell.

33.     Plaintiff was fingerprinted and photographed while at the Precinct.

34.     At approximately midnight Plaintiff was brought to Queens Central Booking, and placed into another holding cell.

35.     Plaintiff was arraigned at approximately 10:00 a.m.

36.     The Criminal Court Complaint that was lodged against Plaintiff falsely charged him with Resisting Arrest and with Disorderly Conduct, and was based upon supporting depositions

6

provided by Defendant FRAILE, and falsely alleged as follows:

> Deponent is informed based upon the supporting deposition signed by police office Fraile, shield #23001, of the 115 Precinct, that at the above date, time and place of occurrence, said officer did observed the defendant Juan Sanders yelling/cursing at officer, acting irate and slammed entrance door open hitting it into wall, causing a crowd to gather.

> Deponent is further informed by said officer that when he was attempting to place handcuffs on the defendant, the defendant flailed his arms, struggled and refused to be handcuffed in an attempt to avoid being handcuffed and placed under arrest.

37.     These allegations against Plaintiff are lies.

38.     Two supporting depositions (one for disorderly conduct, and one for resisting arrest) were signed by Defendant FRAILE, and by Defendant RANDAZZO as his supervisor.

39.     Plaintiff accepted an Adjournment in Contemplation of Dismissal at arraignment, and the charges against Plaintiff have been dismissed in their entirety.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

40.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41.     By their conduct and actions in seizing plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, searching plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating and retaliating for the exercise of the right to free speech of plaintiff, inflicting emotional distress upon plaintiff, violating rights to due process of plaintiff, fabricating evidence / false statements against plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the

unjustified and unconstitutional treatment he received at the hands of other defendants,

Defendants NYPD OFFICER ANTHONY FRAILE, NYPD SERGEANT JOHN RANDAZZO,

JOHN DOE SUPERVISOR, JOHN DOE SUBORDINATE OFFICER, JOHN DOE

ASSISTANT, JOHN DOES and/or RICHARD ROES, acting under color of law and without

lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused injury and damage in

violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United

States Constitution, including its First, Fourth and Fourteenth amendments.

42.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

44.     By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

NYPD SERGEANT JOHN RANDAZZO, JOHN DOE SUPERVISOR, and RICHARD ROES

caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and

the United States Constitution, including its First, Fourth and Fourteenth amendments.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

46.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.      At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts

police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

52.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

53.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

54.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers, and/or while they were acting as agents and employees of the

defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW

YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

55.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

<u>**FIFTH CLAIM**</u>

**FALSE ARREST AND FALSE IMPRISONMENT**

56.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

57.     By the actions described above, defendants caused plaintiff to be falsely arrested

and imprisoned, without reasonable or probable cause, illegally and without a warrant, and

without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiff and violated his statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

58.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

59.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60.     By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, garden-variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ABUSE OF PROCESS

62.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct

12

of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

65.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

67.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

70.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

71.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

72.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

74.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

75.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained defendants.  The acts and conduct of the defendants were the direct and

14

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## CONSTITUTIONAL TORT

77.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

79.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

80.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:       New York, New York
          May 12, 2016

                _____/S/_____
                JEFFREY A. ROTHMAN, Esq.
                315 Broadway, Suite 200
                New York, New York 10007
                (212) 227-2980

                Attorney for Plaintiff